VIRGINIA & G. H. WATER CO. (COLE SIL. MIN. CO. v.).  See Cases Nos. 2,989 and 2,990.

## Case No. 16,973.

VIRGINIA & M. STEAM NAV. CO. v. UNITED STATES.

[Taney, 418.] [1]

Circuit Court, D. Maryland.  April Term, 1840.

STEAMBOATS — INSPECTION OF BOILERS — ACTION AGAINST CORPORATION—CORPORATE NAME— WAIVER—ADMIRALTY JURISDICTION.

1. The proper construction of the act of congress of the 7th July, 1838 [5 Stat. 288], in relation to steamboats, is, that more than six months must not elapse after one examination of a steamboat's boilers, before another is made.

2. In a proceeding under that act, against a steamboat, to recover the penalty incurred by carrying goods and passengers, without having had her boilers inspected within the preceding six months, the corporation owning the vessel appeared as claimants, by the name of "The Virginia and Maryland Steam Navigation Company," but their correct corporate name was "The Virginia and Maryland Steamboat Company;" the decree of the district court was, "that the owners of the steamboat Jewess forfeit and pay to the United States the sum of $500, one-half to the use of the informer; and that the said steamboat, her tackle, apparel and furniture be sold," &c.: Held, that the corporate owners of the steamboat had voluntarily appeared as claimants, the corporation, under the name by which it appeared (even though the wrong one), were parties to the suit, and no objection could be taken to the decree for want of process against them.

3. But that the decree, so far as it was against the owners, was erroneous, by reason of the form of the proceeding.

4. The penalty imposed by the act of congress could not be recovered from the owners, in an admiralty proceeding, by libel.

5. The mode of recovering the penalty from them, prescribed by the 11th section of the act, was by suit or indictment, according to the forms of the common law.

6. So far as it directed a sale of the vessel, the decree was correct.

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

Appeal from district court of the United States for the district of Maryland.

In admiralty.

John Glenn, for appellant.
N. Williams, U. S. Dist. Atty.

TANEY, Circuit Justice. This is an appeal from the decree of the district court, in a proceeding under the act of congress of 7th July, 1838, in relation to steamboats. A libel was filed by the district attorney of the United States, in the district court, on the 17th of June, 1839, charging that the steamboat Jewess, belonging to the district of Baltimore, transported goods and passengers from Baltimore to Norfolk, without having had her boilers and machinery examined within six months preceding that time, whereby the owners of the steamboat (who were unknown to the district attorney) had forfeited the sum of $500, one-half to the informer; and for which sum the said steamboat was liable. The libel then prays that the said vessel may be seized, condemned and sold, and the proceeds brought into court to be distributed according to the practice of the court and the act of congress.

Upon this libel, process was issued, in the usual form, against the vessel, and she was accordingly seized by the marshal; whereupon, the Virginia and Maryland Steam Navigation Company appeared in court, and put in their claim and answer, denying that the Jewess had transported goods or passengers, without having had the boilers and machinery inspected once in every six months.

Upon the hearing in the district court, at September term, 1839, it was decreed by the court, "that the owners forfeit and pay the sum of $500, and that the steamboat be sold, and the proceeds brought into court to pay the said forfeiture and costs: the residue, if any, to be subject to the future order of the court." [Case unreported.]

It appears from the testimony, that the boilers and machinery were regularly inspected 8th December, 1838, and that there had been no subsequent inspection before the 15th June, 1839, at which time, goods and passengers were transported, as detailed in the libel.

Two objections have been taken to the decree: (1) That the time had not elapsed within which the owners were bound to have the inspection made: (2) That the decree is against the owners of the Jewess, as well as against the vessel, and that in the form of the proceedings adopted by the district attorney, the penalty imposed upon the owners cannot be recovered.

There is no foundation for the first objection. The argument on the part of the claimant is, that the words used in the act of congress, in relation to the times of inspection, mean that the said inspection should be made once in each half year; and that, if an examination is made once in each six months of the year thus divided, whether it be early in the period of six months, or late in it, the law is complied with and no penalty incurred.

The words of the law require the examination to be made "at least once in every six months," that is to say, more than six months must not elapse after one examination, before another is made. This is evidently the meaning of the words used in the law; there must not, at any time of the year, be a period of six months within which an examination has not been made. The construction of the claimants would defeat the object of the law; for, according to that construction, the two examinations in the year might be made within a week of each other (the first near the end of the first half year, and the second near the beginning of the second half year), and the boat might continue running for more than eleven months without any examination of her boilers and machinery. Neither the words nor the objects of the act of congress countenance such a construction.

The second objection presents a question of more difficulty. Undoubtedly, no decree can be had against the owners personally, or as a corporation, unless they are made parties to the proceedings in the character in which they are to be charged. They are not made parties by the libel, either individually or as a corporation, and no process was prayed for or issued against them; but the Jewess is the property of the corporation, which is the appellant in this court; and that corporation appeared in the district court, and voluntarily became a party to the proceedings there, and was heard in the defence. It is true, they appeared by a wrong name, their true name being "The Virginia and Maryland Steamboat Company;" but the error they have made in their corporate name, will make no difference, for by appearing by the name of "The Virginia and Maryland Steam Navigation Company," they admit that to be their name, and under that name the corporation is a party to the suit; and having voluntarily appeared, no objection to the decree can now be taken on account of the want of process against them.

But the strong objection to that part of the decree, which imposes the penalty on the corporation, arises from the form of the proceeding in which the decree is made. The penalty of $500 cannot be recovered from the owners, in an admiralty proceeding by libel; the mode of proceeding, in order to recover the penalty from them, is by suit or indictment, proceeded in according to the forms of the common law: this is the mode of proceeding provided for in the eleventh section of the law of congress; and in the form adopted by the district attorney, no judgment or decree for the penalty can be obtained against the owners of the boat.

The decree of the district court is errone-

ous, therefore, in this respect; but, so far as it directs the sale of the vessel, the decree is correct; for the penalty for which the boat is liable, may be recovered by a proceeding in rem against her, without any proceeding against the owners, or any decree against them; the case of The Palmyra, 12 Wheat. [25 U. S.] 14, is conclusive upon this point.

The decree of the district court must, therefore, be reversed; but this court, proceeding to give such a decree as ought to have been given in the district court, will order the Jewess to be sold, and the proceeds brought into court, to be distributed according to law.

---

VIRGINIA & T. R. CO. (TYSON v.). See Case No. 14,321.

VIRGINIA BONDS (UNITED STATES v.). See Case No. 16,626.

VIRGINIA COAL & IRON CO. (BRANT v.). See Case No. 1,814.

VIRGINIA FIRE & MARINE INS. CO. (COHN v.). See Case No. 2,970.

VIRGINIA FIRE & MARINE INS. CO. (DOOLEY v.). See Cases Nos. 3,998 and 3,999.

VIRGINIA FIRE & MARINE INS. CO. (LEVY v.). See Case No. 8,304.

VIRGINIA GOLD CASES. See Case No. 16,335.